NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES C. ZOCCOLI,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE INSURANCE, *et al.*<br><br>Defendants. | Civil Action No. 25-3323 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on the transfer order of the Honorable Laura Taylor Swain, U.S.D.J. of the United States District Court for the Southern District of New York after a finding that this District would be a more appropriate venue for this case. (ECF No. 11.) Prior to transfer, the transferor court granted *pro se* Plaintiff James C. Zoccoli's ("Plaintiff") application to proceed *in forma pauperis*. ("IFP," ECF No. 2.) However, Judge Swain deferred to this Court "a determination of whether any federal district court has subject matter jurisdiction to consider this action." (ECF No. 11 at 6.) Thus, pursuant to 28 U.S.C. § 1915(e), the Court now screens Plaintiff's Amended Complaint for subject matter jurisdiction. ("AC," ECF No. 10.) For the reasons set forth below, the Court **DISMISSES** the Amended Complaint.

**I.    BACKGROUND**

While the specific facts of Plaintiff's case are at times difficult to follow, his Amended Complaint essentially asserts breach of contract claims against Progressive Insurance and its underwriters, Garden State Underwriters and Drive New Jersey (collectively, "Defendants"), for the cancellation of his boat insurance coverage.

Plaintiff is a resident of New York City who, as he explained in his original Complaint (ECF No. 1), stays on his 36-foot boat "in order to help ease [his] asthma condition" resulting from his "repeated presence at the World Trade Center disaster site during the aftermath of the 9/11 attack." (*Id.* at 2.) Plaintiff alleges that, as his insurance coverage with Progressive was set to expire in April 2024, he found and acquired alternative coverage with "Boater's Choice" in Birmingham, Alabama. (AC at 3.) Plaintiff alleges that this new policy, however, "was suddenly transferred to Progressive" and was subsequently cancelled with "no explanation whatsoever, other than a frivolous side comment that [Plaintiff's] boat was deemed 'not seaworthy.'" (*Id.*) Plaintiff alleges that after hours of calls with Progressive representatives, "Progressive NEVER answered the question" as to what was not seaworthy about his boat. (*Id.*) This caginess, Plaintiff alleges, is due to the insurer and its underwriters "literally covering[ ]up the involvement of Organized Crime." (*Id.* at 4.)

Most of the remainder of Plaintiff's Amended Complaint does not discuss Progressive, its underwriters, or the specifics of his insurance agreement in any way. Instead, Plaintiff provides four pages of narrative history on the Five Crime Families of New York and assorted federal indictments in New York and New Jersey over the past two decades. (*Id.* at 4–7.) None of this description appears to have any factual or legal nexus with Plaintiff's boat. Plaintiff then chronicles his personal relationship to the purported plaintiff in *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006)—Benjamin Gary Triestman, whom Plaintiff claims went by "Gary Triestman" and was his landlord in New York in 2014—after noticing the transferor court's reference to the case in its original Order of Dismissal. (*Id.* at 8–9 (citing ECF No. 5 at 1).) Taken together, Plaintiff alleges that this chronicling of the Cosa Nostra provides "[f]oundation revealing crime-and-corruption that has stalked the Plaintiff for more than two decades." (*Id.* at 9.)

Plaintiff's apparent misfortunes involving organized crime allegedly followed him to Monmouth Beach, New Jersey. Plaintiff alleges various incidents involving Plaintiff's time docking with "Channel Club Marina" in Monmouth Beach between November 2022 and April 2023. (*Id.* at 4–16.) Plaintiff alleges that following these incidents with Channel Club—a marina employee damaging the boat propeller on a sandbar, the boat taking on excessive water, the theft of Plaintiff's "Magma Marine grill" and "dockside 50-amp electrical connector," and damage to Plaintiff's "topside Dodger"—Progressive "literally covered[ ]up the above criminal incidents, and with premeditation used its coverup as a diversion to wrongfully deny Plaintiff insurance coverage." (*Id.* at 16–17.)

Based on Plaintiff's submitted proposed "Order to Restore Insurance Coverage," his claims against Defendants sound in breach of contract. (ECF No. 10-1.) Having already dismissed Plaintiff's original Complaint for lack of subject matter jurisdiction (ECF No. 5), the transferor court exercised its discretion under 28 U.S.C. § 1404(a) to *sua sponte* transfer this action to this Court. (ECF No. 11.) In its Transfer Order, the transferor court did not assess whether any federal district court would have subject matter jurisdiction over Plaintiff's claims, instead deferring to this Court. (*Id.* at 6.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have *meaningful* access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), section 1915(e)

empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Thus, ordinarily, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

In this case, however, the transferor court already reviewed and granted Plaintiff's IFP application. (ECF No. 4.) The Court sees no reason to disrupt that order. As such, the Court will only undertake its statutory obligations with respect to section 1915(e) and screen Plaintiff's Amended Complaint.

### III. DISCUSSION

The Court may dismiss any claims that are "(i) . . . frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff's Amended Complaint must again be dismissed for lack of subject matter jurisdiction. To adjudicate a case, a federal court must have subject matter jurisdiction based on

either federal question or diversity. 28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (per curiam). For claims sounding in state law, diversity jurisdiction under 28 U.S.C. § 1332 "gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting § 1332(a)(1)). Importantly, in a case with multiple plaintiffs or defendants, it is necessary that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Moreover, the burden is on the plaintiff to claim, in good faith, that the amount in controversy exceeds $75,000, exclusive of interests and costs. *Mercedes-Benz USA, LLC v. ATX Grp., Inc.*, No. 08-3529, 2009 WL 2255727, at *2 (D.N.J. July 27, 2009).

Plaintiff fails to plead either federal question or diversity jurisdiction in the Amended Complaint. As the transferor court recognized in its order dismissing Plaintiff's initial Complaint, Plaintiff "alleges nothing to suggest that his claims fall under the court's federal question jurisdiction." (ECF No. 5 at 3.) The same is true of Plaintiff's Amended Complaint. Instead, Plaintiff's claims appear to be based in state contract law, meaning the Court must have diversity jurisdiction under 28 U.S.C. § 1332 in order for Plaintiff's case to be heard in federal court at all.

However, Plaintiff's Amended Complaint fails to show complete diversity of the parties. As an initial matter, it is not entirely clear where Plaintiff is domiciled. He states that he "has spent much of the past 12-15 years living in Manhattan," but that "[o]ver the past 20 years Plaintiff has owned or shared [f]ive different boats, which he resided on as much as possible for health reasons, depending on the season Plaintiff's boats were generally moved from a summer marina to a winter marina." (AC at 21.) One of these marinas, per his Amended Complaint, was Channel Club Marina in New Jersey. (*See id.* at 10.) Furthermore, Plaintiff states that he "had also shared an apartment with his late father in Clifton, NJ." (*Id.* at 21.) While "mere residency in a state is insufficient [to

prove domicile] for purposes of diversity," it is unclear from the Amended Complaint where Plaintiff resides at all—New York, New Jersey, or otherwise. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)).

The Amended Complaint also does not allege the citizenship of all Defendants. A corporation is a citizen "of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). While Plaintiff does allege that Progressive Insurance "is a corporation based in Ohio" and provides a Mayfield Village, Ohio mailing address, he does not allege any state in which Progressive is incorporated. (AC at 2.) Further, Plaintiff does not specify the states where the underwriter defendants, Garden State Underwriters and Drive New Jersey, are domiciled at all.[1]

Plaintiff also does not allege any facts to show that his state law claims satisfy the amount-in-controversy requirement of Section 1332(a). Plaintiff makes no mention of the value of the cancelled insurance coverage, nor does he request damages in excess of the statutory $75,000 requirement. The only damages Plaintiff discusses in the Amended Complaint total just $2,900 for the various boat repairs and equipment he required after "a series of mishaps" with Channel Club Marina. (AC at 16–17.)

Given Plaintiff's *pro se* status, in the event he so chooses, the Court will allow Plaintiff thirty days to file a Second Amended Complaint ("SAC") that adequately alleges the basis of this Court's diversity jurisdiction. As an alternative to filing a SAC in this Court, and without this

---

[1] While Plaintiff asserts in a footnote to the Amended Complaint's case caption that "no name other than Progressive was ever spoken to Plaintiff by the insurer phone reps," his inclusion of Garden State Underwriters and Drive New Jersey as named defendants in this case requires him to allege their citizenship. *McCray v. UNITE HERE*, No. 13-6540, 2014 WL 3519098, at *8 (D.N.J. July 16, 2014). What's more, if the underwriter defendants are citizens of New Jersey (as their names suggest), there would not be complete diversity from Plaintiff, assuming he himself is a citizen of New Jersey.

Court taking a position on the merits, viability, or disposition of Plaintiff's state law claims, Plaintiff also has the separate option to re-file his state law claims in a state court of competent jurisdiction. *See, e.g., Santiago v. New Jersey*, No. 17-1715, 2017 WL 3025556, at *3 (D.N.J. July 14, 2017) (noting that in lieu of filing an amended pleading, plaintiff "may elect to file a state court complaint containing only state-law claims"); *Missouri v. Fitzgerald*, No. 19-6153, 2020 WL 610021, at *4 (E.D. Pa. Feb. 6, 2020) ("The dismissal is without prejudice to [plaintiff] filing an amended complaint in this case in the event he can allege a basis for subject matter jurisdiction or, alternatively, filing a complaint in state court so he may proceed there on any state law claims.").

**THEREFORE**, it is on this 28th day of October, 2025, **ORDERED** that:

1. Plaintiff's Amended Complaint, (ECF No. 10), is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e);

2. The Clerk's Office is directed to **ADMINISTRATIVELY CLOSE** this case;

3. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing a Second Amended Complaint adequately pleading this Court's diversity jurisdiction over his state law claims;

4. Upon receipt of a Second Amended Complaint, the Clerk will be directed to reopen this case; and

5. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**